IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CORION LESHON MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:09-cv-00933-IPJ-JEO |
| | ) | |
| COURT REFERRAL OFFICE OF ETOWAH COUNTY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 15, 2010, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The plaintiff filed objections to the report and recommendation on February 3, 2010, in which he reiterates his contentions that the actions of the Etowah County Court Referral Office employees violated his constitutional rights, that his sentence of unsupervised probation was unconstitutional because it required participation in the CRO drug testing program, and that defendants' alleged unlawful acts that resulted in revocation of probation and imprisonment.

Specifically, plaintiff argues that the Etowah County Court Referral Office's practice of refusing to perform drug tests on apparently diluted urine samples, and recording positive test results when plaintiff did not produce samples deemed adequate for testing by defendants, is "unreasonable and illogical," and "wrong." (Doc. #9, p. 2). Plaintiff further complains that the defendants actions were discriminatory and "very unprofessional," and that an incident in which defendant Weaver

threw a highlighter marker in the direction of the plaintiff constitutes attempted assault in violation of his constitutional rights.  However, the magistrate judge correctly concluded that the facts of this case fail to establish a constitutional violation, and the defendants are entitled to qualified immunity. With respect to plaintiff's claims challenging the validity of his sentence of probation, probation revocation and imprisonment, the magistrate correctly concluded that such claims must be classified as a habeas corpus action, even if he has not sought release.[1]  The plaintiff therefore fails to state a valid claim under § 1983.

After careful consideration of the record in this case, the magistrate judge's findings and recommendation and plaintiff's objections, the Court hereby OVERRULES the objections, ADOPTS the findings of the magistrate judge, and ACCEPTS the recommendation of the magistrate judge. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

A Final Judgment will be entered.

DATED this 8th day of February 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[1] The instant complaint cannot be construed to be a petition for writ of habeas corpus because it does not name any appropriate habeas respondent.  A petition for writ of habeas corpus is properly directed to the person having custody of the petitioner, and in this case, none of the named defendants fill that role.